**HAI RONG ZHU, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,
Respondent.**

**No. 04–4835–AG.**

United States Court of Appeals,
Second Circuit.

June 8, 2006.

Sunit K. Joshi, New York, NY, for Petitioner.

Harriet Miller Halmon, Assistant United States Attorney, for Lawrence J. Laurenzi, Acting United States Attorney for the Western District of Tennessee, Memphis, TN, for Respondent.

Present ROBERT D. SACK, ROBERT A. KATZMANN, Circuit Judges and J. GARVAN MURTHA, District Judge.*

**SUMMARY ORDER**

Petitioner appeals from an October 18, 2004 order of the BIA affirming and adopting an October 27, 2003 decision by Immigration Judge ("IJ") George T. Chew that denied her application for asylum and other relief. We assume familiarity with the facts of this case, its procedural history, and the issues presented in this petition.

Because the BIA adopted the IJ's decision, we review the IJ's decision directly. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the IJ's factual findings for substantial evidence. *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

Petitioner argues that her American-born child, when combined with her desire to have more children, creates a reasonable likelihood of future persecution if she is returned to China. Specifically, she fears the involuntary insertion of an intra-

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

uterine device, which we assume for purposes of this petition constitutes persecution.[1] It is undisputed that petitioner has faced no past persecution. Accordingly, she must show a "well-founded fear" of future persecution, which requires a "reasonable possibility of suffering such persecution" if returned. 8 C.F.R. § 208.13(b)(2)(i)(B). The IJ determined that, because there is little evidence in the record describing how China's birth control policies are applied to people returning with American-born children, petitioner's fear is backed only by speculation.

Our decision is governed by *Jian Xing Huang v. INS*, 421 F.3d 125, 127 (2d Cir. 2005) (per curiam), which upheld precisely the same determination, on essentially the same relevant record, as supported by substantial evidence. Petitioner attempts to distinguish *Huang* by arguing that the record in that case did not include an affidavit by a retired (and now deceased) Census Bureau demographer named John Shields Aird (the "Aird Affidavit") that, petitioner asserts, considerably strengthens her case. However, the Aird Affidavit is not in the record in this case, either. Moreover, even if we were to take judicial notice of it, we have held, in another case involving similar facts, that the BIA can take account of the Aird Affidavit and still permissibly find insufficient evidence of likely persecution. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 276 (2d Cir.2006).

It is true that neither the IJ nor the BIA considered petitioner's case with the benefit of the Aird Affidavit. For that reason, some courts have remanded for a new decision that takes the Aird Affidavit into account. *See Feng Ying Zheng v. Gonzales*, 415 F.3d 955, 963 (8th Cir.2005); *Jian Lian Guo v. Ashcroft*, 386 F.3d 556,

565 (3d Cir.2004). However, the BIA has now issued a detailed opinion explicitly rejecting the argument that the Aird Affidavit alters its conclusion regarding the effects of American-born children. *See In re: C–C–*, 23 I & N Dec. 899 (BIA Mar. 23, 2006). Therefore, ordering such a remand would be futile, because "it is clear that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

Accordingly, petitioner's other arguments having been considered and rejected, the petition for review is **DENIED.** Any pending motions are denied as moot.

---

1. It appears that neither the IJ nor the BIA made any explicit findings on this question, which appears to be an open one in this circuit. *See Feng Chai Yang v. U.S. Attorney Gen.*, 418 F.3d 1198, 1205 (11th Cir.2005) (remanding to BIA to make determination in the first instance).